JUDGMENT ENTRY.
These appeals are considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiffs-appellants Christy Miller, Jane Doe #2, Teresa Ringel and John Doe Numbers 1-17, 19-25, and 32-37 appeal the judgments of the Hamilton County Court of Common Pleas dismissing their causes of action against defendants-appellees Archdiocese of Cincinnati, Archbishop Daniel Pilarczyk, Father Thomas Brunner, Father Thomas Kuhn, and Father David Kelly.[1] For the following reasons, we affirm.
Miller and Jane Doe #2 are the appellants in the appeal numbered C-040233. They are former students at Mount Notre Dame High School who allege that Brunner sexually abused them during the 1970s and 1980s, when he was a priest assigned to work at the school by the Archdiocese. Ringel is the appellant in the appeal numbered C-040347. She is a former parishioner of a church owned and operated by the Archdiocese. She alleges that Kuhn sexually abused her when she was a minor in the 1970s. Kuhn was a priest employed by the Archdiocese and assigned to work at the church that Ringel had attended. John Doe Numbers 1-17, 19-25, and 32-37 are the appellants in the appeals numbered C-040170, C-040171 and C-040050. They are all former students at Elder High School, The Little Flower School, or Our Lady of Victory School who allege that Kelley sexually abused them at various times between 1977 and 1983.
Between September 2003 and February 2004, the appellants sued the Archdiocese and the Archbishop (collectively, "the Archdiocese"), asserting causes of action for breach of fiduciary duty, negligence, respondeat superior or ratification, and intentional infliction of emotional distress. They also asserted causes of action for a civil RICO violation under R.C. 2923.32 and for punitive damages against the Archdiocese, Brunner, Kuhn and Kelley.
The Archdiocese, Brunner, Kuhn, and Kelley each moved to dismiss the complaints. The trial court granted their motions, holding that the causes of action asserted in each complaint were time-barred by the applicable statutes of limitation. On appeal, the appellants bring forth three assignments of error. We have consolidated their cases for purposes of argument and decision.
In their first assignment of error, the appellants contend that the trial court erred in dismissing their claims under Civ.R. 12(B)(6), when they alleged that their knowledge of the sexual abuse prior to the fall of 2003 was insufficient to apprise them of the possibility that the Archdiocese had been negligent in failing to protect them. The appellants also contend in their second assignment of error that the "trial court failed to apply the discovery rule in determining the alerting event for the appellants' claims against the Archdiocese, and failed to recognize that the statute of limitations bar is a fact[-]sensitive determination." Finally, in their third assignment of error, the appellants argue that the trial court erred in dismissing their claims under Ohio's civil RICO statute, R.C. 2923.32, when they had alleged in their complaints that the conduct of Brunner, Kuhn, Kelley, and the Archdiocese did not terminate until some point between March 2002 and August 2003, when the Archdiocese admitted that it had been aware of the sexual misconduct of its employees Brunner, Kuhn, and Kelley.
We have recently addressed and rejected the same assignments of error in related cases involving a different priest, where the appellants sued the Archdiocese and asserted the same causes of action. Accordingly, we overrule the first, second, and third assignments of error on the authority of Doe v. Archdiocese of Cincinnati[2] and Cramer v.Archdiocese of Cincinnati.[3]
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] While this appeal was pending, the appellants moved this court to stay proceedings and remand this case back to the trial court so it could consider a Civ.R. 60(B) motion the appellants had filed. We find the motion not well taken and overrule it.
[2] (Dec. 23, 2004), 1st Dist. Nos. C-030900, C-030949, C-030950 and C-040072.
[3] 158 Ohio App.3d 110, 2004-Ohio-3891, 814 N.E.2d 97.